**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-22-50152-001-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Samuel Marquell Gilbert, | |
| Defendant. | |

Defendant, Samuel Gilbert, filed a Motion for Early Termination of Supervised Release (Doc. 8). The Government has filed a Response in opposition (Doc. 10) and Defendant Gilbert has filed a Reply (Doc.11). The Court will deny Defendant Gilbert's Motion for the reasons stated herein.

**I.      Facts[1]**

Defendant Gilbert pleaded guilty to two-counts of Transporting an Individual to Engage in Prostitution and two-counts of Coercion and Enticement to Engage in Prostitution in the District of Utah and was sentenced to forty-eight months in custody. Relatedly, in this District, he entered a guilty plea to Attempted Transporting Individual to Engage in Prostitution 18 U.S.C. § 2421(a)) which occurred in June 2017. He was sentenced by this Court to 27 months in custody, with one-year to run concurrently with his Utah sentence, and a three-year term of supervised release. The Defendant began his supervised release term in June, 2022. His Utah case was transferred to this Court in July

---

[1] The factual background is more fully set forth in the Court's prior Order (Doc. 6) denying Defendant Gilbert's first Motion for Early Termination of Supervised Release.

2022. (CR-22-50152; Doc. 1). In Utah, the court sentenced him to a five-year supervised release term.  Though his supervised release term in the Arizona case has expired, approximately two-years remains on his Utah court imposed supervised release term.  It is this term that Defendant Gilbert seeks early termination from.

## II.     Law and Analysis

Title 18 U.S.C. § 3583(e)(1) gives a district court discretion in determining whether or not to grant a motion to terminate supervised release. *See United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).  In so doing, the Court must consult the sentencing factors in 18 U.S.C. § 3553(a).  *Id*.  On review of those factors, the Court must be satisfied that early termination is warranted "by the conduct of the defendant released and the interest of justice."  Defendant Gilbert states that "early termination of his supervision is warranted based on his conduct while on supervision, the relevant sentencing factors, and in the interest of justice." (Doc. 8 at 1).  The Government asserts that several factors demonstrate that he is not yet suitable for early termination including: 1) his considerable criminal history; 2) his more recent law enforcement contacts in February and April 2024, and 3) the rarity of early termination of supervision for sex offenders.[2]  (Doc. 10 at 4).

First, the Court notes that Defendant Gilbert has completed his three-year supervised release term in the Arizona case. And he has maintained a stable residence, employment, and has not required mandatory drug testing or treatment. He has also paid all monetary fees and fines. This certainly weighs in his favor.

However, he was subject to the mandatory supervised release term of five-years in the Utah case.  The Government notes that rather than receiving the statutory maximum term of life-time supervision, he received the substantially lower term of five-years. (Doc. 10 at 4). The Government argues that he has already received substantial consideration. (Id.).  The Government also asserts that serving the  remainder of his supervised release term is necessary for public safety and in the interest of justice.

As noted in the Court's prior Order, (Doc. 6), Defendant Gilbert's offense involved

---

[2] For the reasons that follow, the Court need not address the arguments related to this third factor as the parties do.

multiple victims and his conduct occurred over a lengthy period of time. Nothing has changed with respect to the underlying facts of his conviction, his prior criminal history or the impact to the victims. Nor has anything changed with regard to the Utah court's rationale for imposing the five-year supervised release term.

Second, the Court observes that though Defendant Gilbert has done well in certain aspects of maintaining compliance with supervision, he admits that "[t]here are a few instances of minor non-compliance." (Doc. 8 at 5). He then explains that in April of last year, he was the subject of a traffic stop, had no driver's license (among other infractions) and resolved these matter by admitting the charge of "obedience to a police officer." (Id.). He explains that given the incident, he did not object to an added condition by his supervision Probation Officer of more frequent drug testing, which yielded no positive results.

Unfortunately, more recently, and while his Motion was pending, the Court was informed of Defendant Gilbert's non-compliance in June, 2025. (*Sealed* Doc. 12). He is alleged to have left the District of Arizona to travel to Michigan and to have been contacted by the Bridgman and Chikaming Police Departments while in Michigan. He apparently never sought approval from his supervising Probation Officer prior to leaving the District, nor did he report his contact with law enforcement within 72 hours of that contact as he is required to do. Thus he violated Standard Conditions 3 and 9 of his supervised release conditions.[3] It is apparent that Defendant Gilbert has disregarded the terms of his supervised release. Moreover, he struggles with candor to his supervising Probation Officer, and therefore, to the Court. His periodic contact with law enforcement shows an apparent disregard for public laws, otherwise he would go unnoticed. So, Defendant Gilbert's more recent deceptive and violative conduct now weights against terminating his

. . . .

. . . .

. . . .

---

[3] The Court approved a more graduated sanction for his non-compliance, however.

supervised release term.

IT IS ORDERED denying Defendant's Motion for Early Termination of Supervised Release (Doc. 8).

Dated this 17th day of July, 2025.

*Honorable Diane J. Humetewa*
United States District Judge